# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | CIVIL ACTION NO. 12-760 |
| Plaintiff, | |
| v. | |
| **ATLAS ADVERTISING, INC.** *and* **GEORGE POELCHER, JR.**, | |
| Defendants. | |

## **OPINION**

CONTI, Senior District Judge

### I.  Introduction

Pending before the court in this forfeiture action is a motion to vacate default judgment filed under Federal Rule of Civil Procedure 60(b) by defendant George Poelcher, Jr. ("Poelcher") almost seven years after final judgment in the amount of $45,000.00 was entered against him. (ECF No. 14.) Poelcher argues that unless the court relieves him from the final judgment, he will "'suffer an extreme and unexpected hardship.'" (Id. at 2 (quoting Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).) Plaintiff, the United States of America (the "government"), argues that Poelcher's motion was not made within a reasonable time under Rule 60(b)(6), and, in any event, Poelcher failed to establish "'extraordinary circumstances'" warranting relief under Rule 60(b)(6). (ECF No. 17 at 8 (quoting Budget Blinds, 536 F.3d at 255-58.) For the reasons set forth in this opinion, the court agrees with the government. Poelcher did not satisfy his burden to show that his motion to vacate was filed within a reasonable time of the default judgment being

entered against him. Under those circumstances, Poelcher's motion to vacate default judgment will be denied.

## II. Procedural History and Background

On June 6, 2012, the government filed a "Complaint for Recovery of Civil Monetary Forfeiture Penalty" against defendant Atlas Advertising, Inc. ("Atlas") under the Communications Act of 1934, 47 U.S.C. § 504(a), "to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC") on September 28, 2010, assessing a monetary forfeiture against [d]efendant." (ECF No. 1 ¶ 1.) In the complaint, the government alleged:

- Atlas violated § 227 of the Communications Act by using telephone facsimile to send unsolicited advertisements to at ten telephone facsimile machines (id. ¶ 23);

- on or before June 6, 2008, the FCC mailed via Certified Mail a Notice of Apparent Liability ("NAL"), which was not returned to the FCC (id. ¶ 17);

- on September 28, 2010, the FCC issued a forfeiture order in the amount of $45,000.00 against Poelcher for "willful and repeated violations of § 227." (id. ¶ 23);

- the "FCC sent a copy of the Order to…[Atlas] by Certified Mail, return receipt requested, and by regular First Class Mail[, which]…was not returned to the FCC" (id. ¶ 24); and

- it sought judgment in the amount of $45,000.00 against Atlas. (Id. at 10.)

Poelcher was not named or mentioned in the complaint although his name appeared on documents the government attached to the complaint. (ECF No. 1-2 at 1.)

On June 8, 2012, a copy of the Summons and Complaint was sent by certified mailed to Atlas, care of Poelcher. (ECF No. 17-1 at 2.) On June 15, 2012, Poelcher emailed counsel for the government. (ECF No. 17-2 at 2.) The email provided:

> I received information in the mail last friday[sic] on a forfeiture penalty and a resulting lawsuit against Atlas Advertising, Inc.
>
> I'm not sure what to do here as this is the first time I've seen anything related. Please advise.

2

(Id.)

On June 20, 2012, the government filed a first amended complaint against Atlas and Poelcher. (ECF No. 2.) The government alleged:

> The Notices of Apparent Liability ("NALs"), see infra 16-23, issued by the FCC to Atlas specifically 1 recognized that all references to "Atlas" in the NAL also encompassed Defendant George Poelcher, and all other principals or officers of Atlas. See Atlas Advertising, Inc., 23 FCC Rcd 13753, 13753 n.2 (Enf. Bur. 2008); Atlas Advertising, Inc., 23 FCC Rcd 8774, 8774 n.2 (Enf. Bur. 2008).

(Id. ¶ 1 n.1.) It also alleged that Poelcher was the owner of Atlas, (id. ¶ 7), and that the "FCC sent a copy of the Order of [Forfeiture] to…[Atlas and Poelcher] by Certified Mail, [which] was not returned to the FCC[,]" (id. ¶ 25.) Other than naming Poelcher as a defendant and alleging his role in the violation of § 227, the allegations of the first amended complaint were the same as the allegations of the complaint.

On September 17, 2012, returns of service were filed with respect to Atlas (ECF No. 4) and Poelcher (ECF No. 5.) On October 2, 2012, the government filed a request for entry of default and default judgment. (ECF No. 6.) On October 4, 2012, the Clerk of Court for the United States District Court for the Western District of Pennsylvania entered judgment in favor of the government and against Atlas and Poelcher in the amount of $45,000.00 plus post-judgment interest and cost. (ECF No. 7.)

On October 23, 2012, the government mailed to Atlas and Poelcher letters enclosing a copy of the default judgment and a financial disclosure statement. (ECF No. 17-3 at 2-3.)

On October 15, 2018, the government sent Poelcher and Atlas each a "DELINQUINCY NOTICE[,]" which provided:

> On October 4, 2012, a judgment was entered against you in the above-referenced. [sic] Out records show that you account has become delinquent. As of this date, the current balance is $46,121.96. Interest is accruing at the rate of 0.17% per annum.

3

> Payment should be made **immediately** in the form of a money order, certified check or cashier's check, made payable to "U.S. Department of Justice…."
>
> …
>
> If a payment plan is necessary in order to satisfy the judgment, we will need to evaluate your financial circumstances. Enclosed is a financial statement for youto **complete and return to this office by November 15, 2018**. You may indicate at the top of the form the proposed amount you feel you can pay each month. Please also provide a copy of your last two earnings statements from your employer, copies of your last two bank statements, a copy of your last filed tax return along with the W-2s and any schedules filed with your taxes.
>
> **Please be advised that if you do not return the financial information, you may be ordered to appear in federal court before a Magistrate Judge to determine your financial ability to pay this debt. You may also be subject to wage garnishment of 25% of your disposable income.**

(ECF No. 17-4 at 2.)

More than six years after default judgment was entered against Poelcher and Atlas, on July 10, 2019, the government filed a motion to compel responses to discovery requests by Atlas and Poelcher. (ECF No. 11.) In the motion, the government represented that:

- neither Atlas nor Polecher had paid the $45,000.00 judgment entered against them (id. ¶ 2);

- on October 15, 2018, it mailed Poelcher "a financial statement to complete for the purpose of identifying assets that could be directed to pay the outstanding judgment" (id. ¶¶ 2-3);

- on or about November 2, 2018, an attorney for Poelcher contacted the government with respect to the judgment and the government requested that the attorney have Poelcher complete *the* financial statements (id. ¶¶ 4-5);

- as of May 2019, the government had not received a completed financial statement from Poelcher (id. ¶ 6);

- on May 23, 2019, the government served Poelcher with requests for production of documents and interrogatories, to which Poelcher did not respond within thirty days (id. ¶¶ 7-8); and
- on June 26, 2019, the government sent a letter to Poelcher's counsel requesting dates and time to meet and confer with respect to the discovery requests, to which Poelcher's counsel did not respond (id. ¶¶ 9-10).

On August 5, 2019, Poelcher's attorney entered his appearance in the above-captioned case. (ECF No. 12.) On August 21, 2019, Poelcher filed the motion to vacate the default judgment. (ECF No. 14.) Poelcher did not attach any exhibits to the motion to vacate default judgment. On August 21, 2019, Poelcher also filed a motion to stay post-judgment discovery, in which he argues that the court's resolution of the government's motion to compel should be stayed until the court decides the motion to vacate. (ECF No. 15 ¶ 3-4.) On August 30, 2019, the government filed a response to each of Poelcher's motions. (ECF Nos. 17, 18.)

Poelcher's motion to vacate default judgment having been fully briefed is now ripe to be decided by the court.

### III. Discussion

Rule 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Poelcher asserts his motion under Rule 60(b)(6).[1] Under all circumstances, however, "[a] motion under [Rule 60(b)(6)] must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). Whether plaintiff filed its Rule 60(b)(6) motion "within a reasonable time" may be determined "by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." Ortiz v. Pierce, No. 08-487, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014). "[The] movant . . . bears the burden of establishing entitlement to [Rule 60(b)(6)] equitable relief[,]" Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014) (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)), and the burden to show that he or she filed the Rule 60(b) motion within a reasonable time, Rodriguez v. Kuhlman, No. 98 CIV. 63 LAP JCF, 2013 WL 4778173, at *1 (S.D.N.Y. Sept. 6, 2013); Pierre v. Legal Sea Foods, Inc., No. CIV.A. 11-10710-LTS, 2013 WL 2181063, at *4 (D. Mass. May 17, 2013).

Here, Poelcher filed his motion to vacate nearly seven years after the default judgment was entered against him. He failed to satisfy his burden to show that nearly seven years constituted a "reasonable time" in which to file the motion. The court's interest in finality of a judgment after nearly seve years is significant and weighs against granting defendants relief. See Lewis v. Cty. of San Bernardino, No. 512CV01007UASK, 2017 WL 6883870, at *1 (C.D. Cal. Oct. 23, 2017) ("In

---

[1] "Rule 60(b)(6) is a catch-all provision that authorizes [the] court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in [Rule 60(b)]." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quoting FED. R. CIV. P. 60(b)(6)). Rule 60(b)(6) "provides 'a grand reservoir of equitable power to do justice in a particular case.'" Id. at 122 (quoting Hall v. Cmty. Mental Health Ctr., 772 F.2d 42, 46 (3d Cir. 1985)). "The grant or denial of a Rule 60(b)(6) motion is an equitable matter left . . . to the discretion of [the] district court." Id. at 124. The court is, however, "to dispense [its] broad powers under [Rule] 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Id. at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). "[The] movant . . . bears the burden of establishing entitlement to [Rule 60(b)(6)] equitable relief. . . ." Id. at 122 (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

a case closed nearly five years ago, "the interest in finality" of judgment weighs decidedly against post-judgment relief."); AMCO Ins. Co. v. Swagat Grp., LLC, No. 07-3330, 2013 WL 12244758, at *6 (C.D. Ill. June 20, 2013) ("The interest in finality and the prejudice to Plaintiff weigh heavily in favor of finding the Motion[, which was filed three years after final judgment was entered,] was not brought within a reasonable time."); Nance v. Pleasant Valley State Prison, No. 1:98-CV-06281-AWI, 2010 WL 2635640, at *2 (E.D. Cal. June 29, 2010) ("Certainly the interest in finality weighs against Plaintiff given the sheer number of years[, i.e., five years since final judgment was affirmed on appeal,] which have passed.").

With respect to the reason for delay, Poelcher in his motion to vacate argues that he did not learn the default judgment had been entered against him until on or about October 15, 2018, when the government mailed him a financial statement, i.e., six years after the final judgment was entered in this case, and that he filed his motion to vacate within ten months of learning about the default judgment. (ECF No. 14 at 1, 5.) That *argument*, however, does not satisfy Poelcher's burden to show that his motion to vacate was filed within a reasonable time. First, Poelcher did not produce any evidence to show that he first learned of the default judgment on or about October 15, 2018. Second, the government attached evidence to its response in opposition to the motion to vacate, which shows that it mailed letters to Poelcher and Atlas informing them about the default judgment. (ECF No. 17-3 at 2-3.) The mailing address for Poelcher and Atlas on the letters is the same mailing address at which the government previously mailed letters to Poelcher and Atlas to inform them of the complaint filed in this case. (Id.; ECF No. 17-1 at 2-4.) The government sent the letters informing Poelcher and Atlas that they were sued in this case via certified mail, and Poelcher signed for receipt of those letters. (ECF No. 17-1 at 2.) There was no *evidence* presented to show that either Poelcher or Atlas failed to receive the letters informing them about the default

7

judgment. Under those circumstances, Poelcher's reason for the delay does not weigh in favor of this court granting him the relief he seeks. Even if the court accepted Poelcher's *argument* that he did not know about the default judgment until October 2018, he does not provide an adequate reason for the ten-month delay in defending this case, which—at that point—was already six years old. INS. Co. of Greater N.Y. v. Fire Fighter Sales & Serv. Co., 312 F.R.D. 394, 402 (W.D. Pa. 2015) (denying motion to vacate where, among other things, the plaintiff "failed to present any reason for its seven-month delay" in raising the basis for its Rule 60(b) motion) (citing Azbuko v. Bunker Hill Cmty. Coll., 442 F. App'x 643, 644 (3d Cir.2011) (per curiam) ("[B]ecause [the plaintiff] has provided no explanation for his delay in filing,…he has not filed his motion within a reasonable time of the order that he seeks to challenge.")).

With respect to "the practical ability of the litigant to learn earlier of the grounds relied upon[,]" the evidence of record shows that Poelcher and Atlas knew about this action in federal court on at least June 9, 2012, when he received the letters and attachments from the government informing him about this action. (ECF No. 17-1 at 2.) Poelcher relies upon the amount of the judgment entered against him, i.e., $45,000.00, to argue that he is entitled to vacatur of the default judgment. The complaint and amended complaint, however, clearly set forth that the FCC sought that exact amount from Poelcher in the proceedings preceding this district court action, (ECF No. 1 ¶ 23; ECF No. 2 ¶ 24), and that the government was seeking to obtain that exact amount in this forfeiture action (ECF No. 1 at 10; ECF No. 2 at 10). Poelcher and Atlas, therefore, could have learned that the government was seeking $45,000.00 from him if he read the complaint when it was served on him seven years ago. Under those circumstances, this factor weighs heavily in favor of finding that the motion to vacate was not filed within a reasonable time of the entry of default judgment against Poelcher and Atlas.

With respect to prejudice, the government argues that if the court vacates the default judgment, it will be prejudiced "in litigating this case after a seven-year delay." (ECF No. 17 at 8.) The government explains that Poelcher and Atlas allegedly sent the unsolicited facsimiles approximately twelve years ago and the FCC issued its forfeiture order nearly nine years ago. (Id.) According to the government, "[e]vidence relevant to the allegations in the Amended Complaint may well be destroyed or unavailable." (Id.) The government did not argue or present any evidence to show that relevant evidence *is* unavailable or *has been destroyed* or that it is unable to prove its case against Poelcher or Atlas because of the lapse in time. On the other hand, Poelcher has the burden to show that his motion was filed within a reasonable time and with the passage of approximately twelve years since the allegedly violative conduct took place, there is a risk that evidence may be destroyed or that witnesses may not remember the events in issue. This factor, therefore, weighs in favor of finding that Poelcher's delay in filing his motion to vacate was not filed within a reasonable time after final judgment was entered.

Based upon the foregoing, the court's interest of finality, the reason for delay, Poelcher's practical ability to learn earlier of the grounds relied upon, and the consideration of prejudice to the government all weigh in favor of a finding that Poelcher's motion to vacate was *not* filed within a reasonable time of the default judgment being entered against him. Under those circumstances, Poelcher's motion to vacate will be denied. Having found Poelcher's motion to vacate was not filed within a reasonable time, the court need not consider whether Poelcher satisfied his burden to show any reason justifying relief from final judgment under Rule 60(b)(6).

IV.     **Conclusion**

For the reasons set forth above, Poelcher did not satisfy his burden to show that he is entitled to relief under Rule 60(b). The motion to vacate will be denied, and the motion to stay

9

post-judgment discovery (ECF No. 15) will be denied as moot. On or before December 5, 2019, Poelcher and Atlas shall file response to the government's motion to compel (ECF No. 11).

An appropriate order will be entered.

BY THE COURT,

Dated: November 25, 2019
/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge